IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-115-D

| | |
|---|---|
| NIKKI GIOVANNI BELLAMY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EAST CAROLINA UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

On September 22, 2022, Nikki Giovanni Bellamy ("Bellamy," or "plaintiff"), moved to proceed in forma pauperis and filed a pro se complaint. See [D.E. 1]. On September 27, 2022, pursuant to 28 U.S.C. § 636(b)(1), the court referred the motion and complaint to United States Magistrate Judge Brian S. Meyers for a Memorandum and Recommendation ("M&R") and for a frivolity review [D.E. 4]. On June 5, 2023, Judge Meyers ordered plaintiff to file an amended motion to proceed in forma pauperis and a proposed complaint with proposed summonses [D.E. 5].

On November 15, 2023, Judge Meyers issued an M&R recommending that the court grant the motion to proceed in forma pauperis, allow certain claims to proceed against East Carolina University and the University of North Carolina System, and dismiss certain claims and certain defendants. See [D.E. 9] 14–15. On December 8, 2023, plaintiff filed a motion for an extension of time to respond to the M&R [D.E. 11]. On February 2, 2024, the court extended the time for plaintiff to respond to February 23, 2024 [D.E. 12]. Plaintiff did not file a response to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315

(4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See id. at 315–16; Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

No party objected to the M&R; therefore, the court reviews for clear error. See Diamond, 416 F.3d at 315. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See id.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 9]. The court DISMISSES plaintiff's claims against defendants Janice Lewis, Mark Sanders, and William Gee for failure to state a claim. The court also DISMISSES plaintiff's hostile work environment claims and her FMLA interference claim for failure to state a claim. The court ALLOWS plaintiff's Title VII claims of race discrimination for failure to hire, disparate discipline based on race discrimination, and retaliation to proceed against defendants East Carolina University and the University of North Carolina System [D.E. 9]. The court also allows her FMLA retaliation claim to proceed against the same defendants. The clerk is DIRECTED to file the complaint and issue the summonses prepared by plaintiff. The U.S. Marshal is DIRECTED to serve the summonses and copies of the complaint on defendants.

SO ORDERED. This 19 day of March, 2024.

                                                                  **JAMES C. DEVER III**
                                                                  United States District Judge