IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-115-D

NIKKI GIOVANNI BELLAMY,  )
                        )
            Plaintiff,  )
                        )
     v.                 )        **ORDER**
                        )
EAST CAROLINA UNIVERSITY, et al., )
                        )
            Defendants. )

On September 22, 2022, Nikki Giovanni Bellamy ("Bellamy," or "plaintiff"), moved to proceed in forma pauperis and filed a pro se complaint. See [D.E. 1]. On September 27, 2022, pursuant to 28 U.S.C. § 636(b)(1), the court referred the motion and complaint to United States Magistrate Judge Brian S. Meyers for a Memorandum and Recommendation ("M&R") and for a frivolity review [D.E. 4].

On November 15, 2023, Judge Meyers issued an M&R recommending that the court grant the motion to proceed in forma pauperis, allow certain claims to proceed against East Carolina University and the University of North Carolina System, and dismiss certain claims and certain defendants. See [D.E. 9] 14–15.

On March 19, 2024, the court adopted the conclusions in the M&R [D.E. 9] and dismissed plaintiff's claims against defendants Janice Lewis, Mark Sanders, and William Gee for failure to state a claim. See [D.E. 13]. The court also dismissed plaintiff's hostile work environment claims and her FMLA interference claim for failure to state a claim. See id. at 2. The court allowed plaintiff's Title VII claims of race discrimination for failure to hire, disparate discipline based on race discrimination, and retaliation to proceed against defendants East Carolina University and the

University of North Carolina System. See id. The court also allowed plaintiff's FMLA retaliation claim to proceed against the same defendants. See id.

On June 10, 2024, defendants filed a motion to dismiss [D.E. 24] and a memorandum in support [D.E. 25]. On August 5, 2024, plaintiff responded in opposition [D.E. 30]. On August 19, 2024, defendants replied [D.E. 31]. On September 26, 2024, the court referred the motion to Magistrate Judge Brian S. Meyers for a Memorandum and Recommendation("M&R") and for a frivolity review [D.E. 33].

On August 10, 2023, Judge Meyers issued an M&R recommending that the court dismiss the complaint for failure to state a claim upon which relief can be granted [D.E. 34]. On December 5, 2024, plaintiff filed objections to the M&R [D.E. 35]. On December 12, 2024, defendants responded [D.E. 36].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Bellamy does not make specific objections, but restates her previous arguments. Therefore, the court reviews for clear error. See Diamond, 416 F.3d at 315. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See id.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 34], GRANTS defendants' motion to dismiss [D.E. 24], and DISMISSES WITH PREJUDICE plaintiff's complaint for failure to state a claim upon which relief can be granted. The clerk shall close the case.

SO ORDERED. This 17 day of December, 2024.

JAMES C. DEVER III
United States District Judge